UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____
MARK AWOLESI, MD

                Plaintiff,

                                    **DECISION AND ORDER**

                                          10-CV-6125

              v.
ERIC SHINSEKI, Secretary, Department of
Veterans Affairs

                Defendant.
_____

## **INTRODUCTION**

    Plaintiff, Mark Awolesi, MD ("Plaintiff"), brings this action pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq.*, alleging race-based discrimination in the form of a hostile work environment and retaliation against his former employer, Eric Shinseki, Secretary of the Department of Veterans Affairs ("Defendant"). (Docket No. 1.) Defendant now moves for partial summary judgment of Plaintiff's Complaint, seeking dismissal of Plaintiff's claim for a hostile work environment based on incidents occurring between 2005 and 2007, which were the subject of a settlement agreement between the parties in which Plaintiff waived his right to further civil litigation. (Docket No. 14.) Plaintiff does not directly oppose the instant motion, and he admits that the 2005-2007 incidents were the subject of a settlement agreement and that they were not administratively

exhausted and are also barred by the applicable statute of limitations. But he seeks to use the facts asserted in the complaint relating to the time period before the settlement agreement as "background evidence" for his other claims. (Docket No. 17.)

For the reasons discussed herein, the Court hereby grants Defendant's motion for partial summary judgement.

## BACKGROUND

The facts relevant to the instant motion are not in dispute. Pl. Mem. of Law at 2, Docket No. 17; Def. Statement of Material Facts Not in Dispute, Docket No. 14. Plaintiff, an African American, was employed by the Department of Veterans Affairs at the Buffalo VA Medical Center ("Buffalo VA"), as a cardiothoracic surgeon from September 2000 through September 2009, when he was terminated. Plaintiff was hired by the Chief of the Cardiothoracic Surgical Service, Dr. Carlos Li.

Plaintiff's employment was without issue until 2005, when the relationship between Plaintiff and Dr. Li began to deteriorate. Plaintiff states that between 2005 and 2007 he was subjected "racial intimidation" by Dr. Li relating to several allegedly race-based comments and an incident where Dr. Li "symbolically lynched" a stuffed monkey, which Plaintiff alleges represents an African American individual.

Both doctors complained to the Chief of Surgery at the Buffalo VA, Dr. Miguel Rainstein in December 2007. Dr. Li acknowledged that he acted inappropriately, but he raised disagreements with Plaintiff regarding Plaintiff's failure to follow hospital policy and his conflicts with other Buffalo VA employees.

After meeting with Dr. Rainstein to resolve these issues in December 2007, the parties entered into mediation with a mediator employed by the Buffalo VA, Sherry Martell. The result of the mediation was that Dr. Li apologized for his actions and agreed to refrain from further offensive remarks or conduct and the parties entered into a formal settlement agreement, which both doctors reviewed and signed in early 2008.

The settlement agreement specifically states: "By entering this settlement agreement, the parties waive all further remedies, all rights to further administrative processing and all rights to file a civil action in connection with this complaint." The agreement further states: "The parties agree not to use the facts of this dispute leading to this settlement agreement as a basis for a subsequent formal grievance or complaint."

## **DISCUSSION**

Rule 56 of the Federal Rules of Civil Procedure provides that a "court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." See Fed. R. Civ. P.

56(c). Here, the parties agree that there are no genuine issues of material fact relating to the instant motion for summary judgment. The only issue is whether Plaintiff may rely on the events that occurred between 2005 and 2007 as background evidence for his other claims. This Court finds that Plaintiff knowingly and willfully entered into the settlement agreement, in which he waived his right to seek any further legal remedy for the 2005-2007 incidents, including to use the facts of those incidents as background evidence for any future claim. Accordingly, Defendant's Motion for Partial Summary Judgement is granted.

Alternative dispute resolution is a valid method of resolving a claim for discrimination, and "an employee may validly waive a claim for discrimination so long as the waiver is made 'knowingly and willfully.'" Bormann v. AT & T Communications, Inc., 875 F.2d 399, 403 (2d Cir.1989). To determine if the waiver was made knowingly and willfully, the Court looks at the totality of the circumstances. Id.; Livingston v. Adirondack Beverage Co., 141 F.3d 434, 437-8 (2d Cir. 1998). "Factors relevant to this inquiry include: 1) the plaintiff's education and business experience, 2) the amount of time the plaintiff had possession of or access to the agreement before signing it, 3) the role of plaintiff in deciding the terms of the agreement, 4) the clarity of the agreement, 5) whether the plaintiff was represented by or consulted with an attorney, and 6) whether the consideration given in exchange for

the waiver exceeds employee benefits to which the employee was already entitled by contract or law." Livingston, 141 F.3d at 438.

Plaintiff does not dispute that the settlement was made "knowingly and willfully," or that the above factors weigh in favor of enforcing the settlement. And, after a review of the record, this Court finds that the settlement was entered into knowingly and willfully by both parties. Plaintiff, however, argues that the facts that were the subject of the settlement should be considered as background evidence in this case. See Pl. Mem. of Law at 10, citing Jute v. Hamilton Sundstrand Corp., 420 F.3d 166 (2d Cir. 2005).

Jute relates to a court's consideration of time-barred conduct, for which a plaintiff can no longer seek relief, as background evidence in a retaliation claim. In contrast, here, Plaintiff requests that this Court consider facts that were the subject of a settlement agreement, which Plaintiff knowingly and willingly entered into, and for which Plaintiff already received relief, in the form of the settlement agreement. Therefore, Jute's reasoning is not applicable to the instant case. Further, the settlement specifically contemplates that the parties would neither bring future claims nor rely on the facts as the basis for future claims.

Therefore, because the Court finds that Plaintiff knowingly and willfully entered into the settlement agreement, the Court will

not consider the conduct that occurred between 2005 and 2007 as background evidence for Plaintiff's claims of discrimination and retaliation. Defendant's Motion for Partial Summary Judgment is granted.

## **CONCLUSION**

For the reasons discussed herein, the Court grants Defendant's Motion for Partial Summary Judgement. Plaintiff's claim for a hostile work environment based on conduct that occurred between 2005 and 2007 is hereby dismissed with prejudice. Further, the Court will not consider such conduct as background evidence for Plaintiff's remaining claims.

**ALL OF THE ABOVE IS SO ORDERED.**

                                                    s/ Michael A. Telesca
                                                    MICHAEL A. TELESCA
                                      United States District Judge

Dated:    Rochester, New York
            February 16, 2012